Filed 1/14/15  P. v. Earl CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAWRENCE EARL,<br><br>    Defendant and Appellant. | B258148<br><br>(Los Angeles County<br>Super. Ct. No. BA423545) |

THE COURT:[*]

Defendant and appellant Lawrence Earl (defendant) appeals from a judgment entered on a plea of no contest to felony firearm charges.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After defendant was notified of his counsel's brief he filed his own letter brief, asserting error in the trial court's denial of his motion to suppress evidence.  We have reviewed defendant's letter and the entire record and find no arguable issues.  We thus affirm the judgment.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Defendant was originally charged with two counts of felon in possession of a firearm, in violation of Penal Code section 29800, subdivision (a)(1),[1] with one prior serious or violent felony conviction, alleged pursuant to the "Three Strikes" law (§§ 1170.12, subd. (b), 667, subds. (b)-(j)), and the five-year enhancement provision of section 667, subdivision (a)(1). A gang enhancement was also alleged pursuant to section 186.22, subdivision (b)(1). After a preliminary hearing, defendant's section 995 motion was granted in part, and the trial court dismissed the five-year enhancement allegation and the gang allegation.

Defendant then brought a motion pursuant to section 1538.5 to suppress evidence, and the court heard the testimony of Los Angeles Police Officers Jesus Carrillo and Gilberto Gaxiola. On April 10, 2014, Officer Carrillo and his partner Officer Purece observed defendant get into the rear passenger seat of a car that they had seen earlier in the evening at a party. The person who lived at the place where the party was held told the officers it was a gang party. When the officers saw the car later, they followed it for a short distance and noticed that the light over the rear license plate was out. They then conducted a traffic stop due to the violation. When Officer Carrillo saw the driver furtively hand an unknown object to the rear passenger, he ordered the three occupants to raise their hands. When the driver failed to produce a driver's license, all three were ordered out of the car. By that time Officer Gaxiola had stopped to assist, due to officer safety concerns he conducted a patdown search of defendant for weapons. When Officer Gaxiola felt a gun in defendant's left front pocket, he removed it. He then felt another gun in defendant's left rear pocket and removed that gun as well.

The trial court denied the 1538.5 motion, and defendant agreed to plead no contest to the charges and admit the prior strike, in exchange for an indicated sentence. On July 9, 2014, after taking defendant's waiver of rights, his plea, and his admission, the trial court struck the prior strike offense for purposes of sentencing in this case. The court then imposed the indicated sentence of the high term of three years in prison as to count 1

---

[1]     All further statutory references are to the Penal Code unless indicated otherwise.

and a concurrent high term of three years as to count 2. Defendant was ordered to pay mandatory fines and fees and to provide a DNA sample and print impressions. Defendant was given a total of 182 days of presentence custody credit, consisting of 91 actual days and 91 days of conduct credit. In view of defendant's medical condition the trial court entered an order permitting the Los Angeles County Sheriff's Department to turn over defendant's special footwear and to provide any special housing needs within the Department's discretion.

Defendant filed a timely notice of appeal from the judgment, challenging only the denial of the motion to suppress evidence. In his letter brief, defendant argues that the officers lacked probable cause to search him. The test is not probable cause, but the less stringent requirement that the officers articulate facts and circumstances that would create a reasonable suspicion that defendant carried a concealed weapon. (See *Terry v. Ohio* (1968) 392 U.S. 1, 21, 24, 27.) The testimony of Officers Carrillo and Gaxiola sufficiently supported the trial court's determination. (Cf. *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1237, 1240-1241 [nighttime traffic stop of two persons in gang neighborhood, connection to gang house, and furtive movement].)

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.